JAMES E. CADY v. HOBART CADY.[1]

January 9, 1903.

Nos. 13,198—(174).

From an order of the probate court for Steele county allowing a claim, based upon a promissory note of decedent, filed by plaintiff against the estate of Edgar E. Cady, deceased, defendant, an heir, appealed to the district court for said county. The case was tried before Buckham, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Geo. N. Baxter*, for appellant.

*J. A. Sawyer*, for respondent.

PER CURIAM.

Appeal from an order denying a new trial. The only questions presented in this court are (1) whether the court below erred in

[1] Reported in 92 N. W. 1129.

granting defendant's application to open and close the case to the jury; (2) whether it erred in admitting certain evidence tending to show that the promissory note sued on was obtained by fraud; and (3) whether the verdict is sustained by the evidence.

The action is one to recover upon a promissory note, the making and delivery of which is admitted by defendant's answer, and the affirmative defense made that there was no consideration for the same, and that it was obtained by the fraudulent representations and acts of plaintiff. On the face of the pleadings, defendant had the affirmative of the issues on trial, and the court correctly awarded to him the opening and closing.

The testimony that the maker of the note prior to his death made a will, in which he gave his entire property and estate to plaintiff and defendant in this action in equal proportions, was properly received when offered upon the question whether the note was fraudulently obtained by plaintiff; and the fact that the court excluded that question from the consideration of the jury in its instructions did not render the admission of the evidence error for which a new trial should be granted.

Our examination of the evidence satisfies us that it is amply sufficient to sustain the verdict of the jury, and the order appealed from is affirmed.